UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Clarence Gamble,<br><br>       Plaintiff<br><br>v.<br><br>E.K. McDaniel, *et al.*,<br><br>       Defendants | **2:15-cv-00619-JAD-VCF**<br><br>**Order screening amended complaint, denying motion for appointment of counsel and motion for a docket sheet/case summary, and granting motion for leave to file an amended complaint that exceeds the page limit**<br><br>[ECF Nos. 1, 18, 19, 24] |

Pro se Nevada state prisoner Clarence Gamble brings this civil-rights complaint under 42 U.S.C. § 1983 and has also submitted an application to proceed *in forma pauperis*, a motion to file an amended complaint that exceeds the page limit, a motion for appointment of counsel, and a motion for a docket sheet/case summary.[1] I temporarily defer the matter of the filing fee, screen Gamble's amended complaint, dismiss some claims and permit others to proceed, and give Gamble until August 12, 2016, to file a second amended complaint if he chooses to do so.

**Discussion**

**A.   Screening standard**

The Prison Litigation Reform Act directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief.[3] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a

---

[1] ECF Nos. 17-1, 1, 18, 19, 24.

[2] *See* 28 U.S.C. § 1915(a).

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

person acting under color of state law.[4]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint. Pro se pleadings are liberally construed.[5] And when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[6]

**B.    Gamble's amended complaint**

Gamble sues multiple defendants for events that occurred while he was in custody at the Southern Desert Correctional Center ("SDCC").[7] Gamble sues Director E.K. McDaniel, Deputy Director Sheryl Foster, Warden Brian Williams, Minor Adams, Frank Dreesen, Drs. Bannister, Aranas, Sanchez, and Leaks, and nurses Guitierrez, Weiler, Tracy, and Stacey, and the State of Nevada.[8] He asserts three counts and seeks monetary damages.[9]

Gamble alleges that between March and May of 2012, he filed medical-request kites for problems with his left eye.[10] During that time, Gamble was seen by SDCC medical staff, but Dr. Sanchez declined to order cataract surgery pending review by the Utilization Review Panel in six months.[11] Before the six-month review period expired, Gamble again requested medical attention for

---

[4]  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[5]  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[6]  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[7]  ECF No. 17-1 at 2.

[8]  *Id*. at 1.

[9]  *Id*. at 2, 17.

[10]  *Id*. at 6.

[11]  *Id*.

pain in his left eye.[12] Gamble received a response from medical that he alleges was later forged by nurse Tracy.[13] Gamble also filed grievances about his left eye on March 26, 2012, October 18, 2012, and November 18, 2012, which were rejected or denied by nurse Guitierrez and grievance coordinator Garcia.[14]

Gamble was seen by nurse Weiler on October 27, 2012, and by nurse "Tracy and/or Stacey" on September 25, 2012; neither provided assistance.[15] Dr. Aranas evaluated Gamble on October 15, 2012, declined to order cataract surgery, and told Gamble he would be reevaluated in six months.[16]

On September 18, 2012, Dr. Sanchez wrote a consultation report recommending that Gamble receive an urgent referral for surgery, which Dr. Bannister approved.[17] Surgery was originally scheduled for November 1, 2012, but it was not performed until February 25, 2013.[18] The delay led to additional pain and suffering and the loss of vision in Gamble's left eye.[19] The day after surgery, Dr. Leaks evaluated Gamble and stated "you got one good eye left."[20]

**C.     Deliberate indifference to serious medical needs under § 1983**

Gamble asserts two claims for cruel and unusual punishment and one claim for deliberate indifference, all stemming from his left-eye injury. All of Gamble's claims are best construed as a single claim for deliberate indifference to serious medical needs. A prisoner who claims inadequate medical care must show that prison officials were deliberately indifferent to his serious medical

---

[12] *Id*. at 6–7.

[13] *Id*. at 7.

[14] *Id*.

[15] *Id*. at 14.

[16] *Id*.

[17] *Id*. at 9, 12.

[18] *Id*. at 9.

[19] *Id*.

[20] *Id*.

needs.[21]  A plaintiff can prevail on a deliberate-indifference claim if he can show that prison officials denied, delayed, or intentionally interfered with medical treatment and that the delay or interference caused further injury.[22]

At the outset, I dismiss all claims against the State of Nevada with prejudice because amendment would be futile.  States are not amenable to suit under § 1983 because they enjoy Eleventh Amendment immunity.[23]

Gamble states a colorable claim for deliberate indifference to serious medical needs against defendants Drs. Sanchez and Aranas, and nurses Guitierrez, Weiler, Tracy, and Stacey.  He alleges that these defendants were aware of his left-eye condition and that they intentionally delayed his surgery, which resulted in the loss of eyesight in his left eye.  Accordingly, this claim may proceed against these medical-staff defendants.

Gamble's claim against the remaining defendants is dismissed without prejudice and with leave to amend because Gamble does not allege any facts to show that they personally participated in the alleged violation.  A defendant is liable under § 1983 "only upon a showing of personal participation by the defendant."[24]  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondent superior liability under § 1983."[25]  Gamble does not allege any facts to show that Director McDaniel, Deputy Director Sheryl Foster, Warden Brian Williams, Minor Adams, or Frank Dreesen made any medical-treatment decisions or otherwise interfered with his treatment or that or Drs. Leaks and Bannister interfered with his treatment.  Therefore, Gamble fails to state a deliberate-indifference-to-serious-medical-needs claim against these defendants.

---

[21] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

[22] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

[23] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

[24] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[25] *Id.*

**D.     Leave to Amend**

Because I am not yet convinced that Gamble can plead no set of facts that would entitle him to relief against defendants Drs. Leaks and Bannister, E.K. McDaniel, Sheryl Foster, Brian Williams, Minor Adams, and Frank Dreesen, Gamble is granted leave to file a second amended complaint. If Gamble chooses to file an amended complaint, he is cautioned that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself.[26] Gamble's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Gamble must file the amended complaint on this court's approved prisoner civil-rights form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption. If Gamble chooses to file an amended complaint, he must do so by **August 12, 2016.** If Gamble does not file a second amended complaint by this deadline, this single-claim case will proceed against defendants Drs. Sanchez and Aranas, and nurses Guitierrez, Weiler, Tracy, and Stacey only.

**E.     Motion for appointment of counsel**

Gamble also asks the court to appoint him an attorney.[27] There is no constitutional right to court-appointed counsel in § 1983 actions.[28] Under the PLRA, "[t]he court may request an attorney to represent any person unable to afford counsel."[29] But courts appoint counsel for indigent civil litigants only in "exceptional circumstances."[30] I do not find that there are exceptional circumstances in this case that warrant appointment of counsel, so I deny Gamble's motion for appointment of

---

[26] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[27] ECF No. 19.

[28] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[29] 28 U.S.C. § 1915(e)(1).

[30] *Palmer v. Valdez*, 560 F.3d 965, 90 (9th Cir. 2009).

counsel.

**F.    Other motions**

Gamble submitted a motion to file an amended complaint that exceeds the page limit simultaneously with his amended complaint.[31]  I have screened Gamble's amended complaint in its entirety, and I grant Gamble's request to approve the size of his amended complaint *nunc pro tunc* to the date of its filing.  Finally, Gamble requests a "docket sheet/case summary."[32]  Gamble's request consists of a single sentence and does not explain why he needs or is entitled to a docket sheet.  Local Rule 7-2(a) requires all motions to be supported by "points and authorities."  Because Gamble has offered neither points nor authorities in support of his request, I deny his motion for a docket sheet or case summary.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that a **decision on the application to proceed *in forma pauperis* is [ECF No. 1] is DEFERRED.**

IT IS FURTHER ORDERED that **Gamble's claims against the State of Nevada are DISMISSED with prejudice because amendment would be futile; Gamble's Eighth Amendment deliberate-indifference claim may proceed against defendants Drs. Aranas and Sanchez and nurses Guitierrez, Weiler, Tracey, and Stacey only; and Gamble's claims against defendants Drs. Leaks and Bannister, E.K. McDaniel, Sheryl Foster, Brian Williams, Minor Adams, and Frank Dreesen are DISMISSED without prejudice and with leave to amend.**

IT IS FURTHER ORDERED that **Gamble's motion for leave to file complaint that exceeds the page limit [ECF No. 18] is GRANTED *nunc pro tunc* to March 7, 2016; Gamble's motion for appointment of counsel [ECF No. 19] and motion for docket sheet/case summary [ECF No. 24] are DENIED.**

IT IS FURTHER ORDERED that the Clerk of Court is instructed to FILE Gamble's amended complaint [ECF No. 17-1], send Gamble the approved form for filing a § 1983 complaint, instructions

---

[31] ECF Nos. 18, 19.

[32] ECF No. 24 at 1.

for the same, and a copy of his amended complaint [ECF No. 17-1]. If Gamble chooses to file a second amended complaint, he must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

If Gamble chooses to file a second amended complaint curing the deficiencies outlined in this order, he must do so by **August 12, 2016**. If Gamble does not file a second amended complaint by this deadline, this case will proceed on the deliberate-indifference claim against Drs. Aranas and Sanchez and nurses Guitierrez, Weiler, Tracey, and Stacey only.

Dated this 14th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge