1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

3

4    Clarence Gamble,                                    **15-cv-00619-JAD-VCF**

5        Plaintiff

6    v.                                                  **Order Granting Application to proceed**
                                                         ***in forma pauperis* and Screening**
7    E.K. McDaniel, et al.,                              **Complaint**

8        Defendants                                      [ECF Nos. 1, 30]

9

10         Nevada state-prison inmate Clarence Gamble brings this civil-rights complaint under 42

11   U.S.C. § 1983 and has also submitted an application to proceed *in forma pauperis*.  Because

12   Gamble's application and supporting financial documentation show that he is unable to pre-pay the

13   filing fee, I grant him pauper status, screen his second-amended complaint,[1] permit his medical-

14   needs claim to proceed, and order service on the defendants.

15                                        **Discussion**

16   **A.       Screening standard**

17         The Prison Litigation Reform Act directs federal courts to conduct a preliminary screening of

18   any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a

19   governmental entity.[2]  In its review, the court must identify any cognizable claims and dismiss any

20   claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek

21   monetary relief from a defendant who is immune from that relief.[3]  To state a claim under 42 U.S.C.

22   § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the

23   Constitution or laws of the United States, and (2) that the alleged violation was committed by a

24

25   [1] Good cause appearing, I grant Gamble's motion to amend complaint to add extra pages, ECF No.
26   30, and I screen his second-amended complaint in that document.

27   [2] *See* 28 U.S.C. § 1915(a).

28   [3] *See* 28 U.S.C. § 1915A(b)(1)(2).

1   person acting under color of state law.[4]

2        Dismissal of a complaint for failure to state a claim upon which relief can be granted is

3   provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard

4   under § 1915 when reviewing the adequacy of a complaint.  Pro se pleadings are liberally construed.[5]

5   And when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to

6   amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the

7   complaint that the deficiencies could not be cured by amendment.[6]

8   **B.      Screening Gamble's second-amended complaint**

9        Gamble sues multiple defendants for events that allegedly occurred while he was in custody

10  at the Southern Desert Correctional Center ("SDCC").[7]  Gamble sues defendants E.K. McDaniel;

11  Sheryl Foster; Brian Williams; Minor Adams; Frank Dreesen; Drs. Bannister, Aranas, Sanchez, and

12  Leaks; and nurses Guitierrez, Weiler, Tracy, and Stacey.[8]  He asserts four counts and seeks monetary

13  damages.[9]  After Gamble and defendants participated in an early mediation conference, the

14  magistrate judge granted Gamble leave to file an amended complaint.[10]

15       Gamble alleges that between March and May of 2012, he filed medical kites in which he

16  complained of extreme pain and lost vision in his left eye.[11]  Gamble is 72 years old and suffers from

17  heart disease, hypertension, and mobility issues.[12]  Gamble contacted Wardens Williams and Dreesen

18

19  [4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

20  [5] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

21  [6] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

22  [7] ECF No. 30 at 4.

23  [8] *Id.* at 5–8.

24
25  [9] *Id.* at 9–13, 16.

26  [10] ECF Nos. 22, 28.

27  [11] *Id.* at 9.

28  [12] *Id.*

about these medical problems but they refused to provide any assistance.[13]  According to Gamble, Williams has a policy of ignoring grievances and this policy was enforced by Minor Adams and Frank Dreesen.[14]

Gamble attempted to file grievances about his left-eye issues on March 26, October 18, and November 18, 2012, but these grievances were rejected for reasons relating to his learning disabilities.  One nurse commented that treating Gamble would be a waste of resources due to his advanced age.[15]  Gamble made repeated requests to nurses Stacey, Tracy, and Guitierrez for treatment and their delayed responses resulted in permanent damage, including loss of vision.[16]  Dr. Leaks commented that Gamble "still had one good eye."[17]  Gamble alleges that, because his medical grievances were rejected for "petty errors made on overly complicated paperwork," he was robbed of his vision and forced to endure months of pain.[18]

Gamble claims that between March and May of 2012, he submitted medical requests to the infirmary at the Southern Desert Correctional Center concerning loss of vision, pain, and headaches.[19]  He was not seen by medical until June of 2012 when he was seen by Dr. Sanchez, who did not perform an examination and refused proper treatment or surgery until approval by the Utilization Review Panel ("URP"),[20] which can take up to six months.  Gamble alleges that this delay for URP approval amounts to cruel and unusual punishment that has caused him extraordinary

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 11.

[20] *Id.*

pain and permanent blindness.[21]

Gamble also alleges that between March 2012 and September 2012, he filed numerous complaints asking for treatment for his eye and for pain relief.[22] He spoke personally with Drs. Aranas, Sanchez, and Leaks and nurses Guitierrez, Weiler, Tracy, and Stacey, but these individuals enforced and applied the URP policy, which resulted in unreasonable delay and permanent blindness constituting deliberate indifference to his serious medical needs. Finally, Gamble alleges that after my initial screening order in July 2016, he was separated from all of his legal work, leaving him unable to comply with court-ordered deadlines.[23]

Though Gamble asserts four claims, they boil down to two legal theories: deliberate indifference to serious medical needs and denial of access to the courts. I address each in turn.

**C.    Gamble's deliberate-indifference claim may proceed against Drs. Leaks, Aranas, and Sanchez; nurses Stacey, Tracy, Weiler, and Guitierrez; and Williams and Dreesen.**

A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[24] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[25] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[26] But, when a prisoner alleges deliberate indifference based on a delay in treatment, he must show that the

---

[21] *Id.*

[22] *Id.* at 12.

[23] *Id.* at 13.

[24] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[25] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[26] *Id.* (internal citation omitted).

delay led to further injury.[27]

Gamble states a colorable deliberate-indifference claim against defendants Drs. Leaks, Aranas, and Sanchez and nurses Stacey, Tracy, Weiler, and Guitierrez.  Gamble alleges that these defendants denied him treatment despite his persistent complaints about his vision and pain problems.  As a result of this delay and denial of treatment, he permanently lost his vision.  Gamble also states a colorable deliberate-indifference claim against supervisory defendants Williams and Dreesen because he alleges that he contacted both of these defendants to complain about his medical problems and lack of treatment and they refused to assist him in obtaining treatment.  Gamble's deliberate-indifference claim fails against defendants McDaniel, Foster, Bannister, and Adams, however, because he does not allege that these defendants participated in the alleged violation of knew about it and failed to act to prevent it.

Accordingly, Gamble's deliberate-indifference claim may proceed against Drs. Leaks, Aranas, and Sanchez; nurses Stacey, Tracy, Weiler,Guitierrez; and Williams and Dreesen.   This claim is dismissed with prejudice and without leave to amend against defendants McDaniel, Foster, Bannister, and Adams.

**D.   Gamble's access-to-the-courts claim is dismissed with prejudice and without leave to amend.**

Prisoners have a constitutional right of access to the courts,[28] which prohibits, among other things, prison officials from interfering with a prisoner's ability to actively litigate a filed case.[29]  To prevail on an access-to-the-courts claim, a prisoner must show that he has suffered "actual injury."[30]  To establish actual injury, a prisoner must show that he has suffered actual prejudice as to

---

[27] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[28] *See Bounds v. Smith*, 430 U.S. 817, 820 (1977).

[29] *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102–02 (9th Cir. 2011).

[30] *Id.* at 1102.

1   contemplated or existing non-frivolous litigation, such as an inability to meet a filing deadline or

2   present a claim.[31]

3       Gamble fails to state a claim for denial of access to the courts because he does not allege that

4   he suffered an actual injury as a result of defendants' alleged interference.  Gamble was granted an

5   extension to file his second-amended complaint,[32] and I have considered all of his allegations fully in

6   this screening order.  I therefore dismiss this claim with prejudice and without leave to amend

7   because amendment would be futile.

8                           **Conclusion**

9       Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Gamble's

10  application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**.  Gamble is not required to pay

11  an initial installment of the filing fee, but **he remains responsible for paying the filing fee in full**

12  **once he has the funds available, regardless of whether this action is ultimately dismissed.**  This

13  order does not extend to the issuance or service of subpoenas at government expense.

14      Under 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections must pay to the Clerk

15  of the United States District Court, District of Nevada, 20% of the preceding month's deposits to

16  Gamble's account **(Clarence Gamble, #1024656)**, in the months that the account exceeds $10.00,

17  until the full $350.00 filing fee has been paid for this action.  The Clerk of the Court is directed to

18  **SEND** a copy of this order to the Finance Division of the Clerk's Office.  The Clerk of the Court is

19  also directed to **SEND** a copy of this order to the attention of the Chief of Inmate Services for the

20  Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

21      IT IS FURTHER ORDERED that Gamble's motion to amend **[ECF No. 30] is GRANTED.**

22  The Clerk of Court is directed to detach and separately **FILE** pages 4–22 of ECF No. 30 as

23  Gamble's second-amended complaint.

24      IT IS FURTHER ORDERED that **Gamble's Eighth Amendment deliberate-indifference-**

25  **to-serious-medical-needs claim may proceed against defendants Drs. Leaks, Sanchez, and**

26

27  [31] *See Lewis v. Casey*, 518 U.S. 343, 348 (1996).

28  [32] ECF No. 29.

1  **Aranas; nurses Stacey, Tracey, Weiler, and Guitierrez; and defendants Williams and Dreesen**

2  **only;**

3  　　　　**Gamble's access-to-the-courts claim is DISMISSED with prejudice because amendment**

4  **would be futile; and**

5  　　　　**All claims against defendants Bannister, McDaniel, Foster, and Adams are**

6  **DISMISSED with prejudice because amendment would be futile.**

7  　　　　The Clerk of the Court is directed to electronically **SERVE** a copy of this order and a copy of

8  Plaintiff's second amended complaint [ECF No. 30 at 4–22] on the Office of the Attorney General of

9  the State of Nevada, attention Kat Howe.

10  　　　　**The Attorney General's Office must file a notice** advising the Court and Gamble of: (a) the

11  names of the defendants for whom it accepts service; (b) the names of the defendants for whom it

12  does not accept service, and (c) the names of the defendants for whom it is filing the last-known-

13  address information under seal **by October 26, 2016.**  As to any of the named defendants for whom

14  the Attorney General's Office cannot accept service, the Office must file *under seal* (and not serve

15  Gamble with) the last known addresses of those defendants for whom it has such information.  If the

16  last known address of the defendant) is a post office box, the Attorney General's Office must attempt

17  to obtain and provide the last known physical addresses.

18  　　　　If service cannot be accepted for any of the named defendants, Gamble must file a motion

19  identifying the unserved defendants requesting issuance of a summons and specifying a full name

20  and address for the defendants.  For the defendants whom the Attorney General has not provided

21  last-known-address information, Gamble must provide the full name and address for the defendants.

22  　　　　If the Attorney General accepts service of process for any named defendants, those

23  defendants must file and serve an answer or other response to the complaint by **December 6, 2016.**

24  　　　　From this point forward, Gamble must serve on defendants or, if an appearance has been

25  entered by counsel, upon their attorneys, a copy of every pleading, motion or other document

26  submitted for consideration by the Court.  Gamble must include with the original document

27  submitted for filing a certificate stating the date that a true and correct copy of the document was

28  mailed or electronically filed to the defendants or counsel for the defendants.  If counsel has entered

1  a notice of appearance, Gamble must direct service to the individual attorney named in the notice of

2  appearance, at the physical or electronic provided.  The Court may disregard any document received

3  by a district judge or magistrate judge which has not been filed with the Clerk, and any document

4  received by a district judge, magistrate judge, or the Clerk which fails to include a certificate

5  showing proper service.

6       Dated this 6th day of October, 2016

7  _____

8  Jennifer A. Dorsey
   United States District Judge