M. Caleb Meyer, Esq.
Nevada Bar No. 13379
Renee M. Finch, Esq.
Nevada Bar No. 13118
Lauren D. Calvert, Esq.
Nevada Bar No. 10534
**MESSNER REEVES LLP**
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone:   (702) 363-5100
Facsimile:   (702) 363-5101
E-mail:      lcalvert@messner.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF CLARENCE GAMBLE, by and through its Special Administrator, BERNITA LUJAN<br><br>Plaintiff,<br><br>Vs.<br><br>SOUTHERN DESERT CORRECTIONAL CENTER, et al.,<br><br>Defendants. | CASE NO: 2:15-cv-00619-JAD-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY**<br><br>**(Fourth Request)** |

Pursuant to LR 6-1 and LR 26-4, the Parties, through their respective attorneys of record, hereby stipulate and request that this court extend the discovery deadlines in the above-captioned case ninety days. In support of this stipulation and request, the parties state as follows:

**I.     DISCOVERY COMPLETED TO DATE**

    1.     The parties served and responded to written discovery.

{04369175 / 1}

2. The parties have served subpoena duces tecum on medical providers.

3. The parties attended a settlement conference.

4. The parties engaged in motion practice.

5. The parties are working together to schedule further depositions.

## II. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

This case was filed in 2015 by Plaintiff Clarence Gamble as a *pro se* inmate. The parties attended mediation on August 30, 2019, with the Hon. Magistrate Judge Cam Ferenbach. The parties did not resolve the matter. On that same date, while preparing to travel back to the correctional facility in which Plaintiff was housed, Plaintiff unexpectedly passed away. Special administration for Plaintiff's Estate has been accomplished. However, because of the COVID-19 pandemic, the parties have experienced difficulty setting the depositions of Defendants in this matter. Three of the four Defendants are unable to have their depositions conducted by videoconference, but the parties have located a facility in which the depositions can be safely conducted. The parties have now set all depositions. The parties are also exploring whether the matter can be resolved.

## III. DISCOVERY REMAINING

1. Depositions of Defendants and treatment providers.

2. Further written discovery.

3. Acquisition of medical records.

4. Any other discovery the parties deem necessary as the case progresses.

{04369175 / 1}

## IV. **EXTENSION OR MODIFICATION OF THE DISCOVERY PLAN AND SCHEDULING ORDER**

LR 26-4 governs modifications of extensions of the Discovery Plan and Scheduling Order. Any stipulation made less than twenty-one days before the expiration of the subject deadline must comply fully with LR 26-4.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| ACTIVITY | DATE | PROPOSED DEADLINE |
| --- | --- | --- |
| Amend Pleadings or Add Parties | July 30, 2018 | **Passed** |
| Expert Disclosures Pursuant to Fed.R.Civ.P. 26(a)(2) | April 16, 2020 | **Passed** |
| Rebuttal Expert Disclosure Pursuant to Fed.R.Civ.P. 26(a)(2) | May 18, 2020 | **Passed** |
| Discovery Cut-Off Date | September 15, 2020 | **December 15, 2020** |
| Dispositive Motions | October 15, 2020 | **January 15, 2020** |
| Joint Pretrial Order | November 16, 2020 | **February 15, 2021** |

The parties shall file the interim status report required by LR 26-3 by October 15, 2020. This is no later than sixty days before the close of discovery.

In the event that dispositive motions are filed, the date for filing the Joint Pre-Trial Order shall be suspended until thirty days after a decision on the dispositive motions or further order of the Court. The disclosures required by Rule 26(a)(3) and any objection hereto shall be included in the Pre-Trial Order.

This request for an extension of time is not sought for any improper purpose or other

{04369175 / 1}

purpose of delay. The parties have worked together at moving discovery forward and have worked to get this case moving forward, but the fact of this being a 2015 case, the matter having been stayed for a considerable amount of time, discovery having been re-opened following the denial of Plaintiffs' Motion for Summary Judgment and appointment of pro bono counsel, the time for appointment of pro bono counsel, Plaintiff being an inmate and subsequently dying and the COVID-19 outbreak has made things more difficult and caused delays not necessarily present in some other cases. The parties submit the foregoing constitutes good cause and excusable neglect.

This is the fourth request for extension of time in this matter. The parties respectfully submit that the reasons set forth above constitute compelling reasons for the discovery extension.

WHEREFORE, the parties respectfully request that this court extend the discovery period by ninety days, from the current deadline of September 15, 2020 up to and including December 15, 2019, and the other discovery dates as outlined in accordance with the table above.

DATED this 11th day of September, 2020.

**MESSNER REEVES LLP**

 */s/ Lauren D. Calvert, Esq.*
LAUREN CALVERT, ESQ.
8945 West Russell Road, Ste. 300
Las Vegas, Nevada 89148
(702) 363-5100
*Attorneys for Plaintiff*

{04369175 / 1}

**OFFICE OF THE ATTORNEY GENERAL**

 */s/ Matthew P. Feeley, Esq.*
MATTHEW P. FEELEY, ESQ.
Nevada Bar No. 13336
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3125 (phone)
Email: mfeeley@ag.nv.gov
*Attorneys for Defendants*

## **ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _____9-14-2020_____

{04369175 / 1}